OPINION
{¶ 1} Defendant-Appellant, Travis Martin, appeals a judgment of the Allen County Common Pleas Court, Juvenile Division, finding him guilty of rape. Martin contends that his conviction was against the manifest weight of the evidence, that the evidence was not sufficient to sustain his conviction, and that his trial counsel was ineffective. Because we find the record supports both his conviction and his lawyer's actions, we affirm the decision of the trial court.
 {¶ 2} In July of 2002, Joel Brown, then nine years old, left his apartment to play outside. While outside, Brown approached a group of children. Martin, who was fourteen years old, was in the group. A confrontation ensued that ended in Martin chasing Brown behind a building. Brown claims that while he and Martin were behind the building, Martin pulled Brown's underwear up, giving him a "wedgie." Brown then pulled down his pants in order to pull his underwear back down. While Brown had his pants pulled down, Martin knocked him over and shoved a stick into his rectum. Martin denies ever giving Brown a wedgie or shoving anything up his rectum.
 {¶ 3} A few days after the incident occurred, Brown told his mother what had happened, and she subsequently called the police. Brown's mother also took him to the hospital where he was examined by Doctor Ruhlen. Eventually, one of Brown's friends told him she knew the identity of the boy who had attacked him. She took Brown and his mother to Martin's house and told them it was the residence of the boy who had attacked Brown. The police interviewed Brown, Martin, and several other witnesses and arrested Martin.
 {¶ 4} In January of 2003, Martin was tried and convicted of rape in violation of R.C. 2907.02(A)(1)(b). Martin was sentenced to serve nineteen months and given credit for seven months already served. From this judgment he appeals presenting three assignments of error for our review.
 Assignment of Error 1
The trial court's verdict that appellant was guilty of rape is against the manifest weight of the evidence.
 Assignment of Error 2
Appellee's evidence was legally insufficient to support the verdict of the trial court.
 {¶ 5} In his first two assignments of error, Martin asserts his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. Because, "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different,"[1] we will address each separately.
 {¶ 6} We first address Martin's claim that the evidence was insufficient to support the finding that he was guilty beyond a reasonable doubt. An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[2]
 {¶ 7} Martin was found guilty of violating R.C. 2907.02(A)(1)(b), which states:
(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
***
(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
 {¶ 8} Martin contends that the evidence is insufficient to prove beyond a reasonable doubt that he engaged in sexual conduct with Brown. Specifically, Martin is challenging the sufficiency of the evidence to prove he shoved a stick into Brown's rectum.
 {¶ 9} The state presented three witnesses in its case against Martin. The first witness was Brown who, on the stand and under oath, positively identified Martin as the person who shoved an object into his rectum. The next witness was Officer Parker. His testimony established that Martin was in fact present the day of the attack and had chased Brown behind the building. The last state witness was Doctor Ruhlen, who was established as an expert witness. Doctor Ruhlen testified that Brown's injuries were consistent with some sort of hard object being forced into his rectum.
 {¶ 10} Viewing the above evidence in a light most favorable to the prosecution, we find that the state put on sufficient evidence to prove beyond a reasonable doubt that there had been a sexual attack on Brown and that Martin was the perpetrator. Therefore, we overrule Martin's second assignment of error.
 {¶ 11} We will now discuss whether the conviction was against the manifest weight of the evidence. When an appellate court analyzes a conviction under the manifest weight standard it must review the entire record, weigh all of the evidence and all of the reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.[3] Only in exceptional cases, where the evidence "weighs heavily against the conviction," should an appellate court overturn the trial court's judgment.[4]
 {¶ 12} Having reviewed the entire record, this court cannot say that the trial court clearly lost its way in reaching its verdict. There was sufficient evidence from a qualified expert to establish that a sexual assault had occurred. Brown clearly identified Martin as the perpetrator, and Martin's attempts to prove Brown was lying were not credible. The trial court was free to believe and discount testimony as it saw fit and apply it accordingly. Because we find that the record does not establish the trial court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, we overrule Martin's first assignment of error.
 Assignment of Error 3
Whether appellant was denied effective assistance of counsel under article I, section 10 of the Ohio Constitution and the Sixth Amendment of the United States Constitution.
 {¶ 13} In his final assignment of error, Martin contends that his trial counsel was ineffective for failing to challenge the qualification and testimony of Doctor Ruhlen.
 {¶ 14} The Supreme Court has developed a two prong test for evaluating ineffective assistance of counsel claims.[5] Under the first prong, counsel's performance must be show to have been deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment."[6] The second prong requires a will be found where there is a reasonable probability that, but for counsel's errors, showing that the deficient performance caused the defendant prejudice.[7] Prejudice the results of the trial would have been different.[8] Martin has the burden of proving both prongs of this test.[9] Thus, Martin must show that his counsel erred and that absent such error the outcome of the trial would have been different. Further, Martin must overcome the presumption that, "the challenged action `might be considered sound trial strategy.'"[10]
 {¶ 15} An appellate court should not find ineffective assistance of counsel based upon a failure to challenge the qualification or testimony of an expert when that expert's credentials and methods are so well established that attacking them would be fruitless.[11] The decision not to challenge a well qualified expert is considered reasonable tactical strategy.[12]
 {¶ 16} The qualifications of Doctor Ruhlen were well established. He has an undergraduate degree in Chemistry along with his medical degree. He completed a three year residency in general pediatrics. He has been a licensed practitioner since 1984. He is the current director of general pediatrics at Toledo Children's Hospital. He has specifically practiced in the area of treating child abuse since 1984. He is involved in a number of professional societies and organizations. He also gives lectures regarding child sexual abuse and assault and has been qualified in court as an expert before. Further, nothing in the record or Martin's brief suggest in any way that his methodology was faulty.
 {¶ 17} Based on the compelling evidence before the court, we find that it was a tactical decision on the part of defense counsel not to object to the qualification and testimony of Doctor Ruhlen. Not only would an objection likely have been fruitless, but it might have brought before the jury additional qualifying information about Doctor Ruhlen and his methods. Therefore, we do not find that Martin's trial counsel was ineffective, and we overrule Martin's third assignment of error.
 {¶ 18} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 Judgment affirmed. BRYANT, P.J., and CUPP, J., concur.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus, superseded by State Constitutional Amendment on other grounds in State v. Smith (l997), 80 Ohio St.3d 84.
[2] State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, superseded by State Constitutional amendment on other grounds in State v. Smith (l997), 80 Ohio St.3d 84.
[3] State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quotingState v. Martin (1983), 20 Ohio App.3d 172,175.
[4] Id.
[5] Strickland v. Washington (1984), 466 U.S. 668.
[6] Id at 687.
[7] Id.
[8] Id at 694, see, also, State v. Bradley (1989), 42 Ohio St.3d 136,142-143.
[9] State v. Lott (1990), 51 Ohio St.3d 160, 175.
[10] Strickland, 466 U.S. at 689, quoting, Michel v. Louisiana
(1955), 350 U.S. 91, 101.
[11] State v. Hartman (2001), 93 Ohio St.3d 274, 297.
[12] Id.